## LUKE v. BRUNER.

1. OBJECTIONS NOT MADE IN THE COURT BELOW. The Supreme Court will not consider an objection to an interrogatory propounded to a witness when such objection was not made in the court below.

2. PRESENTATION OF EVIDENCE. The plaintiff is not required to present his evidence tending to show payment of a demand set up by the defendant as a set-off, until after the defendant has closed his evidence to establish such set-off.

*Appeal from Tama District Court.*

FRIDAY, JUNE 5.

THE facts are fully stated in the opinion of the court.

*G. R. Struble* for the appellant, cited *Latterett* v. *Cook,* 1 Iowa, 1; *Stutsman* v. *School District No. 2, Madison Township, Polk County,* Id., 94; *Brewington* v. *Patton and Swan,* Id., 121; *Sigler* v. *Woods,* Id., 177; *Porter* v. *Walker,* Id., 456; *Ourts* v. *Scoles and Turner,* Id., 471; *Kiene* v. *Ruff,* Id., 482; *Floyd* v. *Mosier,* Id., 512; *Mackcmer* v. *Benner,* 1 *G. Greene,* 157; *Saum* v. *The Board of Commissioners of Jones County,* Id., 165.

*W. H. Stivers* for the appellee.

WRIGHT, J.— To plaintiff's action, before a justice, defendant pleaded in denial and also a set-off. The set-off was denied, and as to part of the items plaintiff alleged payment. After the parties had mutually introduced testimony to establish their respective demands, plaintiff proposed to show that part of defendant's account had been paid. To this defendant objected, upon the ground that plaintiff had rested his case. The objection was sustained, and in the district court, on writ of error, this ruling was reversed.

Defendant, and appellant, seeks to reverse the cause: *First,* Because it does not appear whether the question objected to was asked before, or after, the plaintiff finally rested his case. *Second,* Because it was leading and suggested the desired answer. The latter ground is dismissed, with the remark that no such objection was made before the justice. He then placed his objection upon another ground, and cannot now be permitted to urge for the first time that the interrogatory was leading.

The first point is disposed of with equal ease. It is manifest that immediately after defendant had concluded his proof to establish his set-off, plaintiff then proposed to show that part of it had been paid. How he could do it before, we cannot very well imagine. He was then called

upon for the first time to answer, by proof, the defendant's cause of action, for such the set-off was and not a defense to plaintiff's action.

Affirmed.